EX PARTE Garcia Glen
WHITE, Applicant

NO. WR–48,152–08

Court of Criminal Appeals of Texas.

March 23, 2016

Pat McCann, Attorney at Law, Houston, TX, for Applicant.

Lori A. Deangelo, Assistant District Attorney, Houston, TX, Lisa C. McMinn, State's Attorney, Austin, for The State.

## ORDER

Per curiam.

This is a subsequent application for a writ of habeas corpus filed pursuant to the provisions of Texas Code of Criminal Procedure Article 11.071 § 5.

In July 1996, a jury found applicant guilty of the offense of capital murder. The jury answered the special issues submitted pursuant to Texas Code of Criminal Procedure Article 37.071, and the trial court, accordingly, set applicant's punishment at death. This Court affirmed applicant's conviction and sentence on direct appeal. *White v. State*, No. AP–72,580 (Tex.Crim.App. June 17, 1998)(not designated for publication). This Court denied relief on applicant's initial post-conviction application for a writ of habeas corpus. *Ex parte White*, No. WR–48,152–01 (Tex. Crim.App. Feb. 21, 2001)(not designated for publication). And it dismissed applicant's three subsequent applications for writs of habeas corpus for not meeting the requirements of Article 11.071 § 5. *Ex parte White*, No. WR–48,152–02 (Tex. Crim.App. Apr. 24, 2002)(not designated for publication) and Nos. WR–48,152–03 and WR–48,152–04 (Tex.Crim.App. May 6, 2009)(not designated for publication).

On January 8, 2015, applicant filed in this Court a Motion for Leave to File an Original Petition for Writ of Habeas Corpus, an Original Petition for Writ of Habeas Corpus, a Motion for Leave to File a Petition for a Writ of Prohibition, a Petition for a Writ of Prohibition, and Motions for a Stay of Execution associated with each pleading. On January 15, 2015, the Court without written order denied leave to file both original pleadings and denied the associated motions to stay the execution. On January 20, 2015, applicant filed another Motion for Leave to File a Peti-

tion for a Writ of Prohibition and a Petition for a Writ of Prohibition. The next day the Court without written order denied leave to file that pleading.

Also on January 20, 2015, applicant filed in the trial court this his fourth subsequent application for a writ of habeas corpus. Applicant raises three claims in this application. His first and second claims raise issues that could have been raised previously and are, therefore, barred by Article 11.071 § 5. In his third claim, applicant asserts that newly discovered scientific evidence would have provided compelling mitigating evidence that would have likely changed the jury's answers to the special issues. He asserts that the recently enacted Article 11.073 is new law which allows a court to review the merits of this claim on a subsequent writ. However, Article 11.073 states that:

> [a] court may grant a convicted person relief on an application for a writ of habeas corpus if ... the convicted person files an [Article 11.071] application [containing designated information] ... and the court ... also finds that, had the scientific evidence been presented at trial, on the preponderance of the evidence the person would not have been *convicted.*

(Emphasis added.) By its plain language, Article 11.073 does not seem to apply to newly discovered scientific evidence affecting only the punishment stage of trial. And before we can determine whether the claim qualifies for a remand to the trial court, we must determine this issue. Therefore, this writ application is filed and set, and the parties are ordered to file briefs on the issue of whether new scientific evidence presented pursuant to Article 11.073 can affect only punishment phase evidence. The briefs are due in this Court within 45 days from the date of this order.

IT IS SO ORDERED THIS THE 23RD Day of March, 2016.